UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PROFESSIONAL LIABILITY<br>INSURANCE SERVICES, INC.<br><br>      Plaintiff,<br><br>   v.<br><br>HISCOX INC., U.S. RISK, INC. and U.S.<br>RISK, LLC<br><br>      Defendants. | Case No. 1:18-cv-01072-LY |

**DEFENDANT HISCOX INC.'S MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE 12(b)(6)**
**AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Hiscox Inc.[1] ("Hiscox") respectfully moves this Court to dismiss, with prejudice, Professional Liability Insurance Services, Inc.'s ("PLIS's") Complaint (Dkt. 1; the "Complaint") in its entirety. As set forth more fully herein, PLIS has failed to state a claim for either copyright infringement or unfair competition.

**I. INTRODUCTION**

This lawsuit is a blatant attempt by PLIS to stifle competition in the Foodborne Illness Insurance market. PLIS and Hiscox are competing insurance providers that both specialize in

---

[1] Even assuming PLIS could state a valid claim for relief—which it cannot—Lloyd's of London Syndicate 3624, not Hiscox Inc., would be the proper Hiscox party to this case. Indeed, Hiscox Inc. had no involvement with the issues alleged in the Complaint. However, Hiscox recognizes that this issue cannot be resolved on a Rule 12(b)(6) motion. For purposes of this Motion, the issue is irrelevant, because PLIS's Complaint fails to state a claim as a matter of law regardless of the named defendant.

niche business insurance products. While the Complaint contains claims for copyright infringement and unfair competition based on Hiscox's alleged copying of certain wording from one of PLIS's policies, the lack of specificity in the Complaint's allegations makes clear that PLIS's true intention is to eliminate Hiscox as a competitor in the Foodborne Illness Insurance market. Unfortunately for PLIS, and as detailed in this motion, its copyright infringement and unfair competition claims both fail as a matter of law.

## II. BACKGROUND[2]

PLIS is an insurance provider that offers a policy called "Trade Name Restoration Loss of Business Interruption Policy and Incident Response Insurance for Food Borne Illness Policy" (the "PLIS Policy"). (Dkt. 1, ¶ 7). PLIS claims to own copyright registrations covering the PLIS Policy. (*Id.*). PLIS alleges that Hiscox's own Restaurant Contamination Insurance Foodborne Illness policy (the "Hiscox Policy") and unspecified "other materials" of Hiscox copy the wording of certain definitions in the PLIS Policy. (*Id.* at ¶ 11). As a result, PLIS has brought the instant Complaint, stating that this alleged copying constitutes both copyright infringement under federal law and unfair competition under Texas common law (*Id.* at ¶¶ 14-24).

## III. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the plaintiff's claim must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not quite a "probability requirement," but

---

[2] Hiscox sets forth PLIS's allegations because they must be taken as true for purposes of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). By setting out the allegations here, Hiscox does not in any way admit the allegations or agree that they in fact have merit.

is certainly more than a "possibility." *Id*.  In evaluating a Rule 12(b)(6) motion, a court must distinguish between factual allegations, which are taken as true, from "legal conclusions; mere 'labels'; '[t]hreadbare recitals of the elements of a cause of action'; 'conclusory statements'; and 'naked assertions devoid of further factual enhancement.'" *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).  "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (US), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## IV. ARGUMENT AND CITATION TO AUTHORITY

Both of PLIS's claims fail as a matter of law.  PLIS's copyright claim is fatally vague and fails to meet the pleading standards established by *Twombly* and *Iqbal*.  And PLIS's common law unfair competition claim is simply an attempt to cloak its copyright claim under a different legal rubric and open the door to punitive damages (which are unavailable for a copyright claim).  As such, PLIS's unfair competition claim is preempted by the Copyright Act and must also be dismissed.

**A.    PLIS Fails to State a Claim for Copyright Infringement.**

PLIS's complaint offers almost no specifics about the contours of its copyright infringement claim—no detail regarding exactly from which version of PLIS's regularly updated policies Hiscox copied certain definitions, no detail regarding what portion of Hiscox's policy contains the allegedly copied material, and no detail regarding how Hiscox's policy is substantially similar to PLIS's policy.  Hiscox and this Court are therefore left to guess at what exactly PLIS's copyright claim is—but it is PLIS's burden to state a plausible claim.

3

To state a copyright claim, PLIS is required to show that "(1) [it] owns a valid copyright and (2) [Hiscox] copied constituent elements of the plaintiff's work that are original." *Baisden v. I'm Ready Prods.*, 693 F.3d 491, 499 (5th Cir. 2012) (internal citation omitted). Establishing the second element of a copyright claim requires proving "(1) factual copying and (2) substantial similarity." *Id.* Though PLIS has alleged that Hiscox "copied" *something* belonging to PLIS (more on this point below), it has not alleged where in the Hiscox Policy (or in Hiscox's unspecified "other materials") the infringing material can be found, nor has it alleged whether and how the Hiscox Policy or the "other materials" are substantially similar to the PLIS Policy. Without this information, PLIS's pleading lacks an essential element of its copyright claim, and Hiscox cannot know what of its conduct has allegedly infringed PLIS's rights. On this ground alone, PLIS's copyright claim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to plausibly establish the claim.

PLIS's copyright claim should also be dismissed because PLIS has pled insufficient facts to put Hiscox on notice of what "work" belonging to PLIS Hiscox has copied. PLIS only alleges copying of four definitions from the TNR Policy. PLIS does not provide the text of these definitions in the Complaint; the only clue as to where one might find these definitions is the four copyright registration numbers PLIS lists in the Complaint. However, PLIS only attached the deposit specimens for two of these four registrations to the Complaint—*neither of which contain any of the four definitions Hiscox allegedly copied*. This raises a serious question as to why PLIS referenced these registrations in the Complaint, and whether or not the other two referenced registrations do or do not contain the allegedly copied definitions.[3]

---

[3] In order to assist Hiscox in understanding PLIS's claim, Hiscox requested that PLIS provide a copy of the policy it believes Hiscox copied. PLIS provided copies of a Royalties Endorsement

4

The Complaint contains insufficient allegations on two fundamental, threshold elements of a copyright claim: (1) *what* has allegedly been copied, and (2) whether and how the allegedly infringing work is *substantially similar* to the copied work. Hiscox and the Court should not be left to guess as to what Hiscox has done wrong—Hiscox is entitled to be put on notice of the claim against it. As it stands, it is impossible for Hiscox even to compare the allegedly copied PLIS works to its own. PLIS's copyright claim is therefore deficient under the plausibility standard of *Twombly* and *Iqbal* and must be dismissed.

**B.    PLIS's Common Law Unfair Competition Claim is Preempted by the Federal Copyright Act.**

PLIS alleges that, in copying the PLIS Policy, Hiscox engaged in unfair competition by creating a "likelihood of public confusion." (Dkt. 1, ¶¶ 23-24). However, PLIS cannot premise an unfair competition claim on the copying of an allegedly copyrighted written work. "[S]tate law claims that are equivalent to any of the exclusive rights created by the copyright law" are preempted by 17 U.S.C § 301(a) of the federal Copyright Act. *Randolph v. Dimension Films*, 630 F. Supp. 2d 741, 750 (S.D. Tex. 2009). To determine whether a claim is preempted, courts determine first "whether the claim falls within the subject matter of copyright as defined by 17 U.S.C. § 102." *Id.* (citing *Daboub v. Gibbons*, 42 F.3d 285, 288-89 (5th Cir. 1995)). If so, the

---

and Pandemic Event Endorsement, both dated February of 2017—*two years after March 11, 2015, the most recent publication date contained in the copyright registrations attached to the Complaint*. Given the date discrepancy, Hiscox recognized that the materials PLIS provided could not be the subject of the registrations referenced in the complaint. In any event, the fact that PLIS may later provide the materials in discovery does not alleviate its obligation to plead, in its Complaint, a valid claim. Of course, if the works covered by those registrations are later discovered not to contain the allegedly copied definitions, PLIS's claim will fail as a matter of law, as registration of the infringed work is an essential element of any copyright claim. *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010) ("[17 U.S.C. § 411(a)] establishes a condition—copyright registration—that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the Act's remedial provisions.").

court then determines whether the claim "protects rights that are 'equivalent' to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106, which gives copyright owners the exclusive right to authorize reproduction, adaptation, publication, performance, and display of their copyrighted works." *Id.* (quoting *Daboub*, 42 F.3d at 288-89) (internal quotations marks omitted). Courts often refer to this analysis as looking for an "extra element" to the state law claim—in other words, does the state law claim require proof of some "extra element" that moves the claim beyond the rights protected by copyright law. See *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 787 (5th Cir. 1999) ("We evaluate the equivalency of rights under what is commonly referred to as the 'extra element' test.")(internal citation omitted).

Here, PLIS's unfair competition is premised on the exact same conduct, and the exact same harm, as PLIS's copyright claim—Hiscox's alleged copying of PLIS's allegedly copyrighted TNR Policy. First, the TNR Policy is a written work that falls squarely within the subject matter of copyright, satisfying the first preemption element. *See Randolph,* 630 F. Supp. 2d at 743, 750 (finding a Texas Deceptive Trade Practices Act claim preempted where plaintiff's work was a written work).

Second, PLIS's unfair competition claim seeks to protect the same rights as its copyright claim. PLIS's unfair competition claim boils down to a claim of "reverse passing off"— essentially, that by copying the TNR Policy Hiscox is attempting to pass off PLIS's policy as Hiscox's own. Courts have routinely held that such "reverse passing off" claims premised on the fact that a defendant copied a plaintiff's copyrighted work are preempted by the Copyright Act, as at their root these claims seek to protect the exact same rights as a copyright claim—the Plaintiff's exclusive right to make copies of and distribute its work. *See, e.g.*, *Randolph*, 630 F. Supp. 2d at 750 (holding, in case in which the plaintiff alleged the defendant had made an

6

unauthorized motion picture from plaintiff's book, that "[i]n this case, the gravamen of the plaintiff's complaint is the wrongful copying of her work and the distribution of the infringing work. The state-law DTPA claim is preempted by the Copyright Act claim."); *Fergon Architects LLC v. Oakley Home Builders, Inc.*, No. 13 C 6019, 2014 U.S. Dist. LEXIS 11733, *12 (N.D. Ill. Jan. 30, 2014) (holding, in case in which the plaintiff alleged the defendant was using the plaintiff's copyrighted home designs in defendant's advertising, that plaintiff's unfair competition claim was preempted).  And the fact that a "reverse passing off" claim requires proof of consumer confusion does not provide an "extra element" that shifts the claim outside of the realm of copyright, as some element of "confusion" is already inherent in any copyright claim.  *Fergon Architects LLC*, 2014 U.S. Dist. LEXIS 11733 at *11 ("Consumer confusion and deception have been held to be inherently present in any copyright action and are therefore not considered extra elements that qualitatively alter the nature of a claim where they are asserted. The same can be said for . . . state law cause[s] of action alleging, essentially, that defendant represented someone else's work as his own—that conduct lies at the heart of the Copyright Act." (internal citations and quotation marks omitted)).

To the extent PLIS has any claim at all (and Hiscox obviously disputes that it does), that claim sounds in copyright—not unfair competition.  PLIS's unfair competition claim should therefore be dismissed with prejudice.

## V. CONCLUSION

For the reasons set forth herein and on the authorities cited, PLIS's claims should be dismissed in their entirety.

7

Respectfully submitted, this 25th day of January, 2019.

>*/s/ Jason D. Rosenberg*
>Jason D. Rosenberg
>*jason.rosenberg@alston.com*
>Georgia Bar No. 510855
>*Admitted Pro Hac Vice*
>Uly S. Gunn
>*sam.gunn@alston.com*
>Georgia Bar No. 261871
>*Admitted Pro Hac Vice*
>ALSTON & BIRD LLP
>One Atlantic Center
>1201 West Peachtree Street
>Atlanta, Georgia 30309-3424
>Tel.: (404) 881-7000
>Fax: (404) 881-7777
>
>Brady Cox
>*brady.cox@alston.com*
>Texas Bar No. 24074084
>ALSTON & BIRD LLP
>Chase Tower
>2200 Ross Avenue, Suite 2300
>Dallas, TX 75201
>Tel.: (214) 922-3400
>Fax: (214) 922-3899
>
>*Counsel for Defendant Hiscox Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date filed the foregoing DEFENDANT HISCOX INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6), via the Court's CM/ECF system, which will automatically give notice to all counsel of record.

This 25th day of January, 2019.

/s/ *Jason D. Rosenberg*
Jason D. Rosenberg