**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **PROFESSIONAL LIABILITY** | § | |
| **INSURANCE SERVICES, INC.,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:18-CV-01072** |
| | § | |
| **HISCOX, INC., U.S. RISK, INC.,** | § | |
| **U.S. RISK, LLC, and LLOYD'S OF** | § | |
| **LONDON SYNDICATE 3624** | § | |

**MOTION TO DISMISS PLAINTIFF'S AMENDED**
**COMPLAINT PURSUANT TO FED. R. CIV. P. 8 AND 12(B)(6)**

U.S. Risk, Inc. and U.S. Risk, LLC ("U.S. Risk" or Defendants) hereby submit the following memorandum in support of their Motion to Dismiss Professional Liability Insurance Services, Inc.'s ("PLIS") Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c), and would respectfully show:

**I.      SUMMARY OF ARGUMENT**

PLIS's Complaint should be dismissed because (1) the claims set out in the Complaint were settled under a prior settlement agreement, and (2) the copyright claim fails to provide Defendants fair notice of the claims asserted against them,.  On October 27, 2015, PLIS filed suit against Defendants for, among other claims (1) federal copyright infringement, and (2) common law unfair competition (the " 2015 Copyright Lawsuit").  See **Exhibit 1** at ¶¶ 6, 20-24, and 46-50.  On September 28, 2017, the 2015 Copyright Lawsuit was settled by confidential settlement agreement (the "Settlement Agreement").  See **Exhibit 2.**  Important for this action, the Settlement Agreement included a full general release of all claims, which included the very claims Plaintiff is asserting again in the new Complaint.  *Id.* at ¶ 6.a.  On December 11, 2018,

Plaintiff filed (again) its claim for copyright infringement and common law unfair competition. Having given U.S. Risk a general release, the claims against them are barred as a matter of law.

**Prior Settlement Release (Claims for Relief 1 and 2).**

On October 27, 2015, PLIS filed suit against Defendants for, among other claims (1) federal copyright infringement, and (2) common law unfair competition (the " 2015 Copyright Lawsuit").  This lawsuit was settled with Plaintiff granting Defendant a full release.  Having given U.S. Risk a general release, the claims against them are barred as a matter of law.

**No Copyright of Short Phrases (Claim for Relief 1):**

PLIS's copyright infringement claim fails because copyright law does not apply short phrases like the definitions of "Pandemic Event," "Infected Person," "Incident," and "Royalty Income."  Also, PLIS fails to identify the constituent elements of its work that it claims Defendants are infringing.

## II.     ARGUMENT AND AUTHORITIES

PLIS has brought this baseless suit against U.S. Risk asserting the same claims it asserted years ago in a conclusory complaint that lacks any identifiable supporting factual allegations and is precluded by the law.  The lawsuit appears to be nothing more than Plaintiff's continuing attempts to stifle fair competition by asserting baseless claims and driving U.S. Risk from the marketplace.  For the reasons set forth below, PLIS's claims for copyright infringement and common law trademark infringement unfair competition; common law trademark infringement; unfair competition, and Texas statutory trademark dilution, breach of contract, tortious interference with contract and prospective business relations; and a request for attorney fees, all fail to adequately state a claim for which relief could be provided by this Court.

**1.     Each of Plaintiff's Claims Against U.S. Risk Fail to Plead Facts Sufficient to State a Claim.**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When reviewing the complaint, a court must accept all well-pleaded factual allegations as true. *C.C. Port. Ltd. v. Davis-Penn Mortg. Co*., 61 F.3d 288, 289 (5th Cir. 1995). Facts must be viewed in the light most favorable to the non-movant. *See Bass v. Stryker Corp*., 669 F.3d 501, 506 (5th Cir. 2012). In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court need not determine at this preliminary stage whether the plaintiff's claims will ultimately succeed on the merits. *Id*. at 556. Instead, a court must identify the factual allegations entitled to the presumption of truth and determine whether they state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat a FRCP 12(b)(6) motion. *Id.*

### a.  Plaintiff's Complaint Should be Dismissed.

### i.  PLIS cannot sue for claims it already settled.

Plaintiff's claims are barred by the settlement agreement between it and U.S. Risk. Under federal law, "a binding settlement agreement exists where there is a manifestation of mutual assent, usually in the form of an offer and an acceptance.'" *Chen v. Highland Capital Mgmt., L.P.,* No. 3:10-cv-1039-D, 2012 U.S. Dist. LEXIS 168420, 2012 WL 5935602, at *2 (N.D. Tex. Nov. 27, 2012). And, "[w]here a party has knowingly and voluntarily agreed to settle [her] claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement." *Weaver v. World Fin. Corp. of Tex.*, No. 3:09-cv-1124-G, 2010 U.S. Dist. LEXIS 46631, 2010 WL 1904561, at *2 (N.D. Tex. May 12, 2010) (citing

*Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)); *see also Carter v. H2R Rest. Holdings, LLC*, No. 3:16-cv-1554-N-BN, 2018 U.S. Dist. LEXIS 63686, at *17 (N.D. Tex. Mar. 15, 2018).

On October 27, 2015, PLIS filed suit against Defendants for, among other claims (1) federal copyright infringement, and (2) common law unfair competition (the " 2015 Copyright Lawsuit").  See **Exhibit 1** at ¶¶ 6, 20-24, and 46-50.  On September 28, 2017, the 2015 Copyright Lawsuit was settled by confidential settlement agreement (the "Settlement Agreement").  See **Exhibit 2.**  Important for this action, the Settlement Agreement included a full general release of all claims, which included the very claims Plaintiff is asserting again in the new Complaint.  *Id.* at ¶ 6.a.

This full, general release included not only known claims but unknown claims.  *Id.* Despite having settled its copyright and unfair competition claims years ago, on December 11, 2018, Plaintiff filed (again) its claims for copyright infringement and common law unfair competition.  Having given U.S. Risk a general release, the claims against them are barred as a matter of law.  U.S. Risk motion to dismiss should be granted.

b.    **Copyright law does not apply to short phrases.**

To succeed on a copyright infringement claim, a party must prove two elements: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tele. Serv., Inc.*, 499 U.S. 340, 361 (1991). The requirement of originality means that the work must exhibit some "minimal creativity." 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 2.01[B] at 2-15. In general, "short phrases ... do not exhibit the minimal creativity required for copyright protection." *Arica Institute, Inc. v. Palmer*, 970 F.2d 1067, 1072 (2d Cir. 1992). Further, words and short phrases

such as names, titles, and slogans are examples of works not subject to copyright and applications for registration for such works cannot be entertained. 37 C.F.R. § 202.1(a) (2001).

Short phrases like the definitions of "Pandemic Event," "Infected Person," "Incident," and "Royalty Income" are examples of a short phrase that do not possess the minimum degree of creativity to be considered original and is not eligible for copyright protection. Accordingly, the federal copyright infringement claim against Defendants should be dismissed with prejudice.

c.      **PLIS fails to identify the constituent elements of their work.**

As stated above, to succeed on a copyright infringement claim, a party must prove two elements: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc.*, 499 U.S. at 361. A successful copyright infringement action "requires that the plaintiff show 'ownership' of the material and 'copying' by the defendant. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (quoting *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 387 (5th Cir. 1984). "Ownership of a valid copyright is established by proving the originality and copyrightability of the material in compliance with the statutory formalities." *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995).

With respect to the first prong, as asserted above, PLIS's copyright infringement claim is fatally deficient because it does not own a valid copyright for short words and phrases.  While PLIS may own a copyright on its insurance policy – as a whole.  It is not asserting infringement of the policy.  Instead, it is complaint about four (4) short words or phrases.  Under the second prong, a plaintiff must show two things to prove actionable copying: factual copying and substantial similarity. *General Universal Sys. v. Lee*, 379 F.3d 131 (5th Cir. 2004). Factual copying means that the defendant "actually used the copyrighted material to create his own

work." *Id*. (citing *Engineering Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir. 1994)). A plaintiff makes this showing either with direct evidence of copying or with circumstantial evidence "demonstrating both (1) that the defendant had access to the copyrighted work and (2) that the two works are 'probatively' similar." *Id*. (citing *Peel & Co., Inc. v. The Rug Mkt.*, 238 F.3d 391, 394 (5th Cir. 2001); *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 701 (2nd Cir. 1992)). "Access" means that the person who created the allegedly infringing work had a reasonable opportunity to view the copyrighted work. Id. (citing *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 113 (5th Cir. 1978)). "Probative similarity," a lower bar than "substantial similarity," means that the works, "when compared as a whole, are adequately similar to establish appropriation. Id. at 141-42 (citing *Peel*, 238 F.3d at 397).

As PLIS' own exhibit shows, the two works are not identical at all and the Hiscox policy uses its own unique words and phrases.  See Exhibit B to Amended Complaint.  As such, PLIS has failed to allege any facts that would support a finding of factual copying or substantial similarity.  PLIS has failed to set forth any facts showing that the definitions of "Pandemic Event," "Infected Person," "Incident," and "Royalty Income" are copied or sustainably similar to Defendants' allegedly infringing material and that the elements are protectable by copyright. AS such, the federal copyright infringement claim against Defendants should be dismissed with prejudice.

### III.   CONCLUSION

For the reasons set forth above, Defendants respectfully request this Court to grant this Motion to Dismiss for PLIS's claim of federal copyright infringement.

Date:  February 22, 2019                    Respectfully submitted,

                                         */s/ Victor C. Johnson*
                                         Victor C. Johnson
                                         Texas Bar No. 24029640
                                         VJohnson@dykema.com
                                         **DYKEMA GOSSETT PLLC**
                                         1717 Main, Suite 4200
                                         Dallas, Texas 75201
                                         (214) 462-6400
                                         (214) 462-6401 (fax)

                                         **ATTORNEYS FOR DEFENDANTS**
                                         **U.S. RISK, INC. and U.S. RISK, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 22nd day of February, 2019, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system or via email.

                                         */s/ Victor C. Johnson*
                                         Victor C. Johnson