# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| PROFESSIONAL LIABILITY | § | |
| INSURANCE SERVICES, INC. | § | |
| | § | |
| V. | § | 1:18-CV-001072-LY |
| | § | |
| HISCOX, INC., et al. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss (Dkt. No. 32) and Plaintiff's Response (Dkt. No. 36). Defendant did not file a Reply. The District Court referred the above motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Court Rules.

## I. BACKGROUND

Plaintiff Professional Liability Insurance Services, Inc. ("PLIS") brings this suit against Hiscox, Inc., U.S. Risk, Inc. and U.S. Risk, LLC alleging a claim for copyright infringement. PLIS develops, sells, and administers insurance programs. PLIS claims that roughly twenty years ago it invested resources to create an insurance policy and application titled "Trade Name Restoration Loss of Business Interruption Policy and Incident Response Insurance for Food Borne Illness Policy" (the "TNR Policy"). PLIS alleges that it labeled the TNR Policy as "Copryrighted" and subsequently was granted a United States copyright for the policy. PLIS alleges that the TNR Policy was specially designed and written to certain specifications based upon PLIS's expertise and has attracted many customers because of its uniqueness.

PLIS has previously alleged that U.S. Risk was infringing upon PLIS's copyright in the TNR Policy, and filed suit against it in 2006 and 2015. The suits were settled and U.S. Risk, as a result, allegedly agreed to modify one of its infringing policies. In its current Complaint, PLIS alleges that U.S. Risk hired a former employee of PLIS who had access to PLIS's proprietary material. PLIS alleges that U.S. Risk and PLIS's former employee have continued their misappropriation of PLIS's intellectual property. PLIS claims that an employee of Hiscox admitted to a U.S. Risk employee to copying parts of the TNR Policy. PLIS also states that it has a copy of U.S. Risk's policy, which merely copies Hiscox's infringing policy. PLIS states that these policies copy the unique wording and materials of the TNR Policy, including plagiarizing the definitions in PLIS's policy. PLIS claims that this copying has damaged PLIS, and it has demanded that Hiscox and U.S. Risk cease offering the infringing policies, but they have refused to do so. PLIS thus filed this lawsuit, and U.S. Risk, Inc. and U.S. Risk, LLC (collectively, "U.S. Risk") move to dismiss the claims against them.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008).

While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

2

(2007). The Supreme Court has explained that a court need not accept as true conclusory allegations or allegations stating a legal conclusion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("mere conclusions[ ] are not entitled to the assumption of truth."). A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged."

### III. ANALYSIS

To succeed on a claim for copyright infringement, the plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Vallery v. Am. Girl, L.L.C.*, 697 Fed.Appx. 821, 823 (5th Cir. 2017). In order to establish "copying," a plaintiff must show "factual copying and substantial similarity." *Guzman v. Hacienda Records and Recording Studio*, 808 F.3d 1031, 1037 (5th Cir. 2015). In addition, "factual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to the creation of the infringing work, and (2) probative similarity." *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 368 (5th Cir. 2004). If "access" cannot be shown, the plaintiff may prove factual copying by "showing a 'striking similarity' between the two works that the similarity could only be explained by actual copying." *Armor v. Knowles*, 512 F.3d 147, 152 n.3 (5th Cir. 2007). Finally, even if copying is established, it must be legally actionable. "To determine whether an instance of copying is *legally actionable*, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997).

3

Here, the Plaintiff has pled enough facts to survive a motion to dismiss. Regarding the first prong—ownership of a valid copyright—U.S. Risk argues that PLIS's complaint fails because it is a complaint about four short words or phrases, rather than a copyright on its insurance policy as a whole. However, as PLIS rightly argues, it does not base its claim merely on the ownership of the short words and phrases, but rather is arguing that the Defendants' "Restaurant Contamination" policy infringes upon Plaintiff's copyrighted TNR policy, or overall policy. PLIS in its Complaint "asserts that Defendants' conduct constitutes an infringement of its TNR policy in violation of Title 17 U.S.C. § 500." Dkt. No. 21 at 5.

Moving to the second prong, PLIS has also pled enough facts to plead a claim that U.S. Risk copied constituent elements of the work that are original. PLIS alleges that U.S. Risk had access to the copyrighted work prior to the creation of its own infringing policy by way of Defendant Hiscox's policy. PLIS further alleges that, according to a communication between employees at Hiscox and U.S. Risk in February 2016, Hiscox admitted that it copied parts of PLIS's policy. Dkt. No. 21 at 4. Finally, PLIS, at this stage, has pled enough facts to show that the copying is legally actionable. PLIS's complaint alleges enough facts, including through a side-by-side comparison of select definitions from its policy and U.S. Risk's allegedly infringing policy, to show that the two works are substantially similar. Therefore, PLIS has pled enough factual material to allow the Court to draw the reasonable inference that the Defendants are liable for a claim of copyright infringement.

Separately, Defendants argue that Plaintiff's claim must be dismissed because PLIS cannot sue for claims it already settled. However, a court may dismiss a claim under Rule 12(b)(6) only "if a successful affirmative defense appears **clearly** on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) (emphasis added). In order to dismiss a claim, the affirmative

4

defense must be almost unquestionable as a defendant is "not entitled to dismissal under Rule 12(b)(6) . . . unless the [plaintiffs] have 'pleaded [themselves] out of court by admitting to all of the elements of the defense.'" *Smallwood v. Bank of Am.*, 2012 WL 32654, at *2 (N.D.Tex. Jan. 6, 2012) (quoting *Sivertson v. Clinton*, No. 3:11-CV-0836-D, 2011 WL 4100958 at *2 (N.D. Tex. Sept. 14, 2011)). Here, at least at this stage, it not unquestioned whether the settlement agreement U.S. Risk is relying on for its argument is or is not applicable to this dispute. U.S. Risk argues in their Motion to Dismiss that the settlement agreement is clearly applicable because the previous settlement agreement provided for a general release of all claims. On the other hand, PLIS argues in its Response that the previous settlement agreement does not apply to new "thefts" of PLIS's property. The Court therefore may not dismiss the claim under Rule12(b)(6) on this basis.

## IV. RECOMMENDATION

For the reasons just stated, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (Dkt. No. 32) be **DENIED**.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to

proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C) (2006); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Lisson v. O'Hare*, 326 F. App'x 259, 260 (5th Cir. 2009).

SIGNED this 17th day of July, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE